IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT A. BERMAN | : | |
| | : | Civil Nos.: CCB-04-1379 |
| | : | : CCB-04-1568 |
| | : | |
| v. | : | Bankr. No.: 96-56693 |
| | : | Adversary No.: 98-6311 |
| FORTI/POOLE AND KENT, L.L.C. | : | |

...o0o...

## MEMORANDUM

Now pending before the court in case CCB-04-1379 is Robert Berman's appeal of the bankruptcy court's order overruling his objection to an unsecured claim made by Forti/Poole and Kent, L.L.C. against the Fortis and the denial of his motion for reconsideration of the bankruptcy court's order. Also pending, in related case CCB-04-1568, is an appeal of the bankruptcy court's order granting summary judgment on Counts I and IV in favor of John A. Hayden, III, Kevin P. McCann, and Forti/Poole and Kent L.L.C. in an adversary proceeding. The issues have been fully briefed and no hearing is necessary. See Local Rule 105.6. For the reasons stated below, the bankruptcy court's decisions are affirmed and the appeals noted by Berman are dismissed.

BACKGROUND

Michael and Geraldine Forti ("Fortis"), through a wholly owned corporation, Forti Builders, Inc. ("Forti Builders"), borrowed $370,000 from Robert A. Berman and his now deceased father, C. Nelson Berman, Senior to develop residential lots in Harford County, Maryland. The Fortis personally guaranteed the loan. (Adversary proceeding no. 98-6311, hereinafter "Adversary Proceeding", docket entry no. 41, Mem. in Opp'n to Def.'s Mot. for Summ. J., at Ex. A, Berman Aff. at ¶ 11.) At the time of the loan, Michael Forti ("Forti") owned MC Forti, Inc. ("MC Forti"), a construction company located in Construction Village, Sparrows

Point, Maryland. Construction Village is owned by the Bethlehem Steel Corporation ("Bethlehem Steel"). Forti, in seeking a loan from Berman, informed Berman that MC Forti was worth "millions." [1] (Id. at ¶ 4.)

When Forti Builders filed bankruptcy, the Bermans filed an action against the Fortis on October 24, 1995 as guarantors of their defaulted loan. (Id. at ¶ 11.) Jeffrey Pritzker, the Fortis' attorney, attempted to negotiate a settlement with the Bermans during October and November 1995 with no success. At the same time, he negotiated with Poole and Kent, Inc. ("Poole & Kent"), and with others, to sell MC Forti's assets. (Id. at ¶ 9.)

Forti/Poole and Kent, L.L.C ("Forti/Poole") was created by Poole & Kent to buy MC Forti's assets. Forti became a 35% owner of Forti/Poole. (Id. at ¶ 12.) In exchange for the MC Forti assets, Forti/Poole gave a note in the amount of $200,000, executed an employment agreement with Forti, and lent Forti $300,000. (Adversary proceeding, docket no. 42, Reply Mem., at Exs. B, E; Adversary proceeding, docket no.38, Mem. in Support of Mot. for Summ. J., at Ex. 3.) The loan to Forti was secured by an indemnity deed of trust on Forti's home (the "IDOT"). (Id. at docket no. 38, at Ex. 4.) The trustees of the IDOT were John E. Hayden III, Poole & Kent's attorney, and Kevin P. McCann. (Id.)

The Circuit Court for Baltimore County awarded the Bermans a judgment by consent on May 1, 1996 for $370,000. The judgment created a judicial lien on the Forti residence pursuant

---

[1] Berman attributes the company's worth to MC Forti's connections with Bethlehem Steel because of Forti's union membership. He alleges that Bethlehem Steel endowed MC Forti with the right of first refusal on construction projects at Sparrows Point. (Adversary proceeding, docket entry no. 41, Mem. in Opp'n to Def.'s Mot. for Summ. J., at Ex. A, Berman Aff. at ¶ 1.) Appellees deny receiving any contracts from Bethlehem Steel that were not competitively bid. (Adversary proceeding, docket no. 42, Reply Mem. in Support of Mot. for Summ. J., at Ex. D, Stoffregen Dep. at 15-19.)

to Md. Code Ann. Cts.& Jud. Proc.§ 11-402.  The Bermans' lien was inferior to a first deed of trust held by GE Capitol Mortgage, a second deed of trust lien held by Key Bank and Trust ("KBT"), the Forti/Poole IDOT, and a fourth deed of trust also held by KBT.  On July 17, 1996, the Fortis filed a joint petition under chapter 7 of the Bankruptcy Code.  Forti/Poole filed its proofs of claim on September 10, 1996 for an unsecured debt of $40,000 and a secured amount of $260,000.  Subsequently, the Fortis filed an adversary proceeding against the Bermans to avoid the judgment lien on the house.  (Adversary proceeding, docket no. 38, at Ex. 5.)  In its avoidance order on July 29, 1998, the bankruptcy court found that the house was worth $798,000 and there was no equity left to satisfy the Bermans' lien after the others were repaid.  (Id.)  The Fortis were discharged from any personal liability on the Berman loan.

     Around December 16, 1997, the Bermans filed an adversary proceeding against Forti/Poole, Hayden, and McCann ("appellees") to void the allegedly fraudulent conveyances involved in the asset transfer and IDOT loan.  The bankruptcy court granted appellees' motion to dismiss on September 14, 1998.  On November 13, 1998, the Bermans filed another action against the appellees and KBT in the Circuit Court for Baltimore County, seeking to avoid the Forti/Poole IDOT and KBT's liens on the residence.  The case was removed to the United States Bankruptcy Court, which dismissed KBT as a defendant in an order dated July 20, 1999.  On December 3, 1999, the bankruptcy court issued an order granting appellees' summary judgment motion ("first summary judgment order") as to Counts II and III of the complaint.  The court explained that it denied the motion in regard to Count I because there were genuine issues of material fact as to whether the subject transactions were conducted with an 'actual intent' to hinder, delay or defraud creditors.  The court did not address its denial of summary judgment as

3

to Count IV.

On May 9, 2000, Forti/Poole, Hayden, and McCann filed a new motion for summary judgment as to Counts I and IV.  Subsequently, C. Nelson Berman died, and plaintiffs substituted Robert Berman as the personal representative of the Estate.  Though the court had set a date of June 2, 2000 for Berman to file a motion to amend his pleading, he chose not to do so.  The bankruptcy court granted appellees' motion for summary judgment as to both counts on March 19, 2004 ("second summary judgment order").  In granting summary judgment, the bankruptcy court held that Berman had no claim because other prior liens exceeded his lien even if the Forti/Poole IDOT was avoided.  In addition, the court objected to Berman's attempt to re-characterize Counts I and IV of the complaint as a challenge to the MC Forti transfer of assets, when he did not amend the pleadings to reflect that as the court had suggested.[2]  Finally, the court found that the amended pleading would not have been effective in any event because Berman did not establish that he was a creditor of MC Forti and, therefore, he could not challenge the MC Forti transfer of assets.

Forti/Poole filed an unsecured claim against the Fortis for $190,583.95, a sum representing the balance due from Forti's $300,000 loan.  Berman filed an objection to the Forti/Poole claim on May 7, 2001.  The bankruptcy court overruled Berman's objection to the claim on March 24, 2004.  Berman then filed a motion for new trial or amendment of judgment on March 30, 2004.  After the bankruptcy court denied that motion, Berman gave notice of this

---

[2]The court maintained that Berman had only requested relief in Count I for the IDOT conveyance and not for the MC Forti asset purchase.

appeal on or about April 19, 2004,[3] appealing the bankruptcy court's overruling of his objection to the Forti/Poole claim and the denial of motion for reconsideration entered on April 7, 2004. (CCB-04-1379, Notice of Appeal, docket entry no. 1). The appellees moved to dismiss the appeal but the court approved their withdrawal of this motion on May 25, 2005.

On May 18, 2004, Berman gave notice of his appeal from the grant of summary judgment in the adversary proceeding. (CCB-04-1568, Notice of Appeal, docket entry no. 1).

ANALYSIS

This court reviews the bankruptcy court's findings of fact for clear error, see Fed.R.Bankr.P. 8013, and its conclusions of law *de novo*. See In re Kielisch, 258 F.3d 315, 319 (4th Cir. 2001); In re Gibson, 300 B.R. 866, 868 (D.Md. 2003).

In determining an objection to a claim, the court relies on the standard established in Superior Metal Moulding Co., Inc. v. Shipp (In re Friedman, Receiver), 436 F.Supp. 234 (D.Md. 1977) stating that, "a properly executed proof of claim is sufficient to shift the burden of producing evidence and to entitle the claimant to a share in the distribution of the bankrupt's estate unless an objector comes forward with evidence contradicting the claim." Id. at 237 (citations omitted).  Though the burden of production shifts to the objector, the claimant retains the burden of persuasion.  See In re McGee, 258 B.R. 139, 147 (Bankr.D.Md. 2001).  After weighing the evidence presented by the objector against the proof of claim and any other evidence the claimant offers, the judge makes a finding of fact as to the validity and amount of the claim.  Id.  The bankruptcy court also has equity powers at its disposal and may use those

---

[3]The notice of appeal was not filed until May 5, 2004, according to Berman's counsel, because of errors made by the clerk's office. (CCB-04-1379, Response to Defs.' Mot. to Dismiss Appeal, at ¶¶ 4-8.)

powers to set aside fraudulent claims.  See Heiser v. Woodruff, 327 U.S. 726, 732 (1946).

Berman claims that the terms of MC Forti's asset transfer demonstrate that the transaction was part of an intricate scheme conceived to shield Forti's financial interest in MC Forti from creditors.  Forti had informed Berman that the company was worth "millions."  At the time of sale, MC Forti expected a profit of $2,538,736 for 1995 and 1996.  (Adversary proceeding, docket entry no. 72, Mem. in Opp'n to Def.'s Mot. for Summ. J., at Ex. 1, Berman Aff. at ¶ 13.  But, instead of a large purchase price for the assets, MC Forti was sold to Forti/Poole for a $200,000 note, an employment agreement with Forti worth $1,630,000, and a $300,000 personal loan to Forti that was secured by an indemnity deed of trust ("IDOT") on his home.

To file a claim that a transfer was a fraudulent conveyance, the creditor must have been injured or prejudiced by the conveyance.  See Union Cent. L. Ins. v. Flicker, 101 F.2d 857 (9th Cir. 1939); In re Wolensky's Ltd. Partnership, 163 B.R. 615, 626 (Bankr. D.C. 1993); Van Royen v. Lacey, 277 A.2d 13, 16 (Md. 1971).  The bankruptcy court correctly found that Berman was not a creditor of the transferor of the allegedly fraudulent conveyance, namely, MC Forti.  Berman claims injury due to the IDOT, the third lien on the Fortis' property, because without it, Berman claims he would have received $11,596.37.  This indirect prejudice or injury to Berman as a non-creditor, however, is not sufficient to give him standing.

Berman argues that Forti controlled MC Forti and that therefore Berman could be considered a creditor of the transferor.  MC Forti, however, was a corporation distinct from its owner, Forti.  Berman had to produce evidence to "pierce the corporate veil" to reach the business's assets, see Travel Committee, Inc. v. Pan American World Airways, Inc., 603 A.2d

6

1301, 1317 (Md.App. 1992)("A court may lift the corporate veil to find the principals liable if there has been a fraud"), and he never provided such evidence.

Even if the court assumes for the present purpose that Berman had standing to object to the Forti/Poole claim, he bears the burden of producing evidence contradicting the claim. Since his objection is pursuant to MUFCA, Berman needs to supply clear and convincing evidence of the Fortis' actual intent to defraud their creditors, lack of fair consideration for the asset purchase, and Forti/Poole's knowing participation in the fraud. See Residential Warranty Corp. v. Bancroft Homes Greenspring Valley, Inc., 728 A.2d 783, 792 (Md.App. 1999); Stratton v. Equitable Bank, N.A., 104 B.R. 713, 726 (D.Md. 1989). Speculations or conjecture are not sufficient to create a genuine issue of material fact. See Thompson Everett, Inc. v. National Cable Advertising, L.P., 57 F.3d 1317, 1323 (4th Cir. 1995); Smith v. Parham, 72 F.Supp.2d 570, 572 (D.Md. 1999).

Berman provided no evidence of lack of consideration aside from his affidavit and that of his attorney. His "personal knowledge" about Bethlehem Steel's contracting practices, when he is not a contractor in this industry, is questionable, as is his calculation of the assets conveyed by the sale, because there were items excluded from the sale, including work in progress. Thus, the anticipated profit of MC Forti's work in progress, $2,538,736, cannot alone determine the adequacy of consideration given by Forti/Poole.[4] As for the employment contract, appellees

---

[4] The testimony of W. David Stoffregen, the president of Forti/Poole, who stated that his company lost money in the first three years of operation, (Adversary proceeding, docket no. 42, Reply Mem., at Ex.D, Stoffregen Dep. at 39) highlights the difficulty of evaluating the company's worth based on the expected profit of work in progress. Stoffregen also explained that Forti/Poole appraised the assets and considered depreciation before the two parties reached the $200,000 negotiated price. (Id. at 25.) Finally, Stoffregen testified that Forti/Poole never acquired contracts from Bethlehem Steel that were not competitively bid. (Id. at 15-19.)

7

explain that they needed Forti's "good will" and knowledge of the work at Bethlehem Steel to be a success. Hence, they chose to make him a long-term employee with a personal financial interest at stake.

Berman also has not provided evidence that Forti/Poole or its agents knew of any intent by the Fortis to defraud creditors. Stoffregen and Hayden, counsel for Poole & Kent, both testified that they were only generally aware of Forti's financial difficulties and were not informed about any bankruptcy proceedings involving him. (Id. at 28-9; 53-7; Id. at Ex.C, Hayden Dep. at 19, 26-8.) The bankruptcy court found that Berman had not produced evidence showing that the loan was not actually made to Forti. The appellees produced testimony that Forti/Poole believed the loan money was being used to repay the IRS and creditors, which is in fact what was done with the loan money. (Adversary proceeding, docket entry no. 38, at Ex.2; at Stoffregen Aff., Ex. 6, ¶ 4; Adversary proceeding, docket no. 42, Reply Mem. at Ex. C, Hayden Dep. at 19, 26-8.

Berman argues that six of the nine recognized indicia of fraud enumerated in Berger v. Hi-Gear Tire & Auto Supply, Inc., 263 A.2d 507, 510 (1970) are present in this case. He maintains that at the time of the conveyances, there was: (1) an insolvent transferor; (2) a relationship between the transferor and the transferee; (3) pending litigation; (4) transfer of the debtors' entire estate; (5) reservation of benefit to the transferors; and (6) retention by the transferor of possession of the property. Berman argues that the Court of Appeals has held fraud to be proven by clear and convincing evidence when fewer than six indicia are present. The transferor in the conveyances, however, was MC Forti rather than Forti. Thus, only indicia numbers (3) and (4) are applicable.

8

As this court finds no error in the bankruptcy court's decision, its order overruling Berman's objection and its decision to deny his motion for reconsideration are affirmed. Because Berman relies on the same facts and issues in his appeal of the court's grant of summary judgment on counts I and IV in the adversary proceeding, the disposition is the same as in CCB-04-1379, and there is no need for the court to address the parties' dispute about the timeliness of Berman's notice of appeal. The motion to dismiss the appeal in case CCB-04-1568 will be denied as moot.

A separate order follows.


__September 19, 2005__                                __/s/_____
Date                                                  Catherine C. Blake
                                                      United States District Judge